UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARREN LEE SMITH, <br><br>                    Plaintiff, <br><br>       v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>                    Defendant. | Case No. C21-5152 RAJ <br><br> **ORDER DENYING APPLICATION FOR COURT-APPOINTED COUNSEL** |

Plaintiff proceeds pro se and in forma pauperis in this civil action seeking review of the Commissioner's calculation of Social Security benefits. Dkts. 6, 11. Plaintiff now moves for court-appointed counsel to assist with his appeal. Dkt. 19. For the reasons discussed below, this application is **DENIED**.

There is no absolute right to counsel in a civil action such as this one. *See Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). Under 28 U.S.C. § 1915(e)(1), the Court may appoint counsel for civil litigants "unable to afford counsel", but may do so only in "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); 28 U.S.C. § 1915(e)(1). In assessing whether "exceptional circumstances" exist,

the Court will consider "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).  "Neither of these factors is dispositive and both must be viewed together before reaching a decision[.]" *Wilborn*, 789 F.2d at 1331.

At this early stage, Plaintiff presents insufficient evidence to establish a likelihood of success on the merits.  Dkt. 19.  Moreover, Plaintiff does not allege or explain in his motion how or why the complexity of the issues in this case would prevent him from articulating his claim pro se.  *Id*.  In fact, based on the complaint, Plaintiff's claim appears relatively clearly articulated.  Dkt. 11.  Plaintiff challenges the fairness of the Social Security Administration's "concurrent benefits" and "limitation of resources" calculations relating to Disability Insurance Benefits and Supplemental Security Income. *Id*. at 7-8.  Based on the limited information available thus far in the proceeding, Plaintiff appears able to articulate his claims relatively well pro se.  Plaintiff, therefore, has not presented exceptional circumstances that would justify appointing counsel at this time.

For the foregoing reasons, Plaintiff's application for court-appointed counsel (Dkt. 19) is **DENIED** without prejudice.

DATED this 9th day of June, 2021.

The Honorable Richard A. Jones
United States District Judge