UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT ~~TACOMA~~ Seattle

DARREN LEE SMITH,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C21-5152 RAJ

**ORDER DENYING SECOND APPLICATION FOR COURT-APPOINTED COUNSEL**

This matter is before the Court on Plaintiff's second motion for appointment of counsel. Dkt. 25. For the reasons discussed below, this motion is **DENIED**.

Plaintiff proceeds pro se and in forma pauperis in this civil action challenging the fairness of the Social Security Administration's "concurrent benefits" and "limitation of resources" calculations relating to Disability Insurance Benefits and Supplemental Security Income. Dkt. 11 at 7-8; Dkt. 6. Plaintiff's previous motion to appoint counsel was denied because he had shown neither a likelihood of success on the merits nor an inability to articulate his claims pro se in light of the complexity of the issues involved. Dkt. 19, 20; *see Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (In considering appointment of counsel in civil cases, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved.").

On July 15, 2021, the Commissioner filed a motion to dismiss this case, contending that

ORDER DENYING SECOND APPLICATION FOR COURT-
APPOINTED COUNSEL - 1

Plaintiff had not exhausted his administrative remedies by seeking review before an Administrative Law Judge and the Appeals Council before filing in this Court, and that he did not allege a claim that would fit an exception to the exhaustion requirement. Dkt. 23. Plaintiff may file any opposition to the Commissioner's motion by August 2, 2021. *See* Local Civil Rules for the Western District of Washington (LCR) 7(d)(3).

On July 16, 2021, Plaintiff filed the second motion for appointment of counsel. Dkt. 25. To show likelihood of success on the merits, Plaintiff notes that "'The White House' just fired the SSA Commissioner." Dkt. 25 at 2. However, none of the statements in Plaintiff's motion indicate the firing was related to concurrent benefits or limitation of resources calculations. *See* Dkt. 25 at 5. And there is no indication that the agency changed the way it makes these calculations during the former Commissioner's tenure. The former Commissioner's firing does not change the Court's assessment of likelihood of success on the merits.

To address his ability to articulate his claims pro se, Plaintiff states he is "a disabled PRO SE who knows nothing about the courts…." Dkt. 25 at 4. However, the Court must consider the complexity of the legal issues involved in the case, not Plaintiff's knowledge about the courts in general. The legal issues remain the fairness of the Commissioner's concurrent benefits and limitation of resources calculations and now, with the Commissioner's newly-filed motion to dismiss, the additional issue of whether Plaintiff is permitted to raise these issues in this Court at this time.

The Court must consider both the complexity factor and the likelihood of success factor. "Neither of these factors is dispositive and both must be viewed together before reaching a decision[.]" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). While the Court recognizes that the Commissioner's motion to dismiss adds to the complexity of this case, the

ORDER DENYING SECOND APPLICATION FOR COURT-
APPOINTED COUNSEL - 2

1  likelihood of success on the merits has not been established. In assessing both factors together,

2  the Court concludes Plaintiff has not shown the "exceptional circumstances" necessary for the

3  Court to appoint counsel. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

4      For the foregoing reasons, Plaintiff's application for court-appointed counsel (Dkt. 25) is

5  **DENIED** without prejudice.

6      DATED this 27th day of July, 2021.

RICHARD A. JONES
United States District Judge

ORDER DENYING SECOND APPLICATION FOR COURT-
APPOINTED COUNSEL - 3