UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARREN LEE SMITH,

           Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

Case No. C21-5152 RAJ

**ORDER GRANTING THE COMMISSIONER'S MOTION TO DISMISS**

      This matter is before the Court on the Commissioner's motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction.  Dkt. 23.

**DISCUSSION**

      The Commissioner contends the Court lacks subject matter jurisdiction because Plaintiff did not seek a hearing before an Administrative Law Judge (ALJ) or appeal to the Appeals Council, and therefore failed to exhaust his administrative appeal remedies before filing this case.  Dkt. 23 at 6-7.  In Plaintiff's opposition to the motion to dismiss, Plaintiff concedes he "needs to send these complaints to the SSA before legally being able to sue them."  Dkt. 27 at 2; *see also* Dkt. 28 at 2.  Thus, there is no dispute Plaintiff has failed to exhaust his administrative remedies.  Accordingly, the Court concludes it

lacks jurisdiction over this case.

Along with his opposition to the motion to dismiss, Plaintiff filed a motion requesting "leave of court to amend complaint as well as … to cure all deficiencies, … including filing with the SSA/ Administrative Law Judge[.]" Dkt. 28 at 1; *see also* Dkt. 27 at 1. The Court construes this request as a motion to stay the case while Plaintiff seeks a hearing before an ALJ and, if appropriate, appeals to the Appeals Council. However, because the Court lacks jurisdiction, the Court may not retain the case during that time.

"[42 U.S.C. §] 405(g) provides that a civil action [appealing a denial of benefits] may be brought only after (1) the claimant has been party to a hearing held by the [Commissioner], and (2) the [Commissioner] has made a final decision on the claim." *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989). "[T]he Commissioner's decision is not final until the Appeals Council denies review or, if it accepts the case for review, issues its own findings on the merits." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012). "A claimant's failure to exhaust the procedures set forth in the Social Security Act, 42 U.S.C. § 405(g), deprives the district court of jurisdiction." *Bass*, 872 F.2d at 833.

Lacking jurisdiction, this Court must dismiss this case. *See Ingram v. Comm'r of Soc. Sec.*, 401 F. App'x 234, 235 (9th Cir. 2010) (holding dismissal without prejudice is appropriate for claims dismissed for failure to exhaust administrative remedies); *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1063 (9th Cir. 2007) (same). However, this Order

does not prevent Plaintiff from bringing a new case, after exhausting his administrative remedies.

## CONCLUSION

For the reasons stated above, the Commissioner's motion is **GRANTED**. The complaint is **DISMISSED** without prejudice.

DATED this 17th day of August, 2021.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge